UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JENNIFER DAUBENMEYER<br>2513 U.S. 20A<br>Swanton, Ohio 43558<br><br>        Plaintiff<br><br>vs.<br><br>ERIE INSURANCE COMPANY<br>100 Erie Insurance Plaza<br>Erie, Pennsylvania 16530<br><br>        Defendant | CASE NO.<br><br>JUDGE<br><br>**COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |

## THE PARTIES

1. Plaintiff, a citizen of Ohio, owned a house and contents located at 2513 U.S. 20A, Swanton, Fulton County, Ohio ("the Property").

2. Defendant Erie Insurance Company ("Erie") is an insurance company incorporated in Pennsylvania and with its principal place of business in Pennsylvania.

3. Erie insured the Property under policy number Q54-6800961, policy period 06/18/2017 to 06/18/2018 ("the Policy"). The declarations pages of the Policy are attached as Exhibit 1 and identify the named insureds as Terry Daubenmeyer and plaintiff Jennifer Daubenmeyer. Terry is Jennifer's deceased husband.

## JURISDICTION

4. Plaintiff brings this action under federal diversity jurisdiction, 28 U.S.C. §1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

**VENUE**

5. Venue is proper in this district under 28 U.S.C. §1391(b).

**THE INSURANCE CLAIM**

6. On August 30, 2017, while the Policy was in force, a fire and explosion occurred at the Property causing severe damage to the dwelling, other structures, landscaping, additions, and contents. As a result of the damage, the house was a total loss.

7. Plaintiff promptly reported the loss to Erie, which commenced an investigation into the cause and origin of the fire and the amount of damage.

8. Plaintiff cooperated with the claim investigation and complied with all of Erie's requests for information.

9. By letter dated December 12, 2017 (attached as Exhibit 2), Erie denied the claim alleging that the fire was caused by the intentional acts of Terry Daubenmeyer, who died in the fire.

10. Erie relied on the following exclusion in the Policy:

> "**We**" do not pay for loss resulting directly or indirectly from any of the following, even if other events or happenings contributed concurrently, or in sequence, to the loss:
>
>    \*     \*     \*
>
> 16.  by intentional loss, meaning any loss arising from an act committed by or at the direction of "**anyone we protect**" or any additional insured listed on the "**Declarations**" with the intent to cause a loss.

11. Terry Daubenmeyer had a long history of mental problems and had, at various times before the fire, been on several medications. Shortly before the fire, Terry had been arrested and incarcerated for domestic violence. While in jail he did not get his proper

2

medications. When he was released, he was mentally unstable, prompting Jennifer to take her children and leave the house in the hours before the fire.

12. Under Ohio law, an intentional loss exclusion in an insurance policy does not apply if the insured "was suffering from a derangement of his intellect which deprived him of the capacity to govern his conduct in accordance with reason." See *Nationwide Insurance Company v. Kollstedt*, 71 Ohio St.3d 624, 646 N.E.2d 816 (1995) and *Nationwide Mutual Fire Insurance Company v. Turner*, 29 Ohio App.3d 73, 503 N.E.2d 212 (1986). Legal insanity is not the standard.

13. Terry Daubenmeyer was suffering from such a derangement on the day of the loss, so the intentional loss exclusion does not apply.

### FIRST CAUSE OF ACTION
**(Breach of Contract)**

14. Plaintiff incorporates by reference the above allegations.

15. Plaintiff had a contract with Erie on the day the loss occurred.

16. Erie breached the insurance contract by failing to pay to plaintiff the amount due under the insurance policy.

17. As a direct and proximate cause of Erie's breach of the insurance contract, plaintiff has been denied the policy benefits due her under the contract in an amount in excess of $75,000.

18. As a further direct and proximate cause of Erie's breach of the insurance contract, plaintiff has suffered other reasonably contemplated damages.

19. Plaintiff prays for judgment on this count in an amount in excess of $75,000, the exact amount to be determined by a jury at the trial of this matter, plus attorney fees, interest, and costs as allowed by law.

## SECOND CAUSE OF ACTION
### (Lack of Good Faith)

20. Plaintiff incorporates by reference the above allegations.

21. In adjusting plaintiff's claim, Erie, through its agents, adjusters, and investigators, acted unreasonably, without reasonable justification, fraudulently, intentionally, recklessly, and not in good faith.

22. Erie, through its adjusters, agents, and investigators, acted intentionally, willfully, wantonly and with actual malice in refusing to pay plaintiff's claim, in investigating the claim, and in delaying such payments. Among other actions, Erie:

- failed to conduct an adequate investigation;
- failed to conduct thorough and well-documented interviews of witnesses;
- failed to investigate Ohio law on the intentional loss exclusion;
- failed to investigate Terry Daubenmeyer's medical and mental background in order to determine if he "was suffering from a derangement of his intellect which deprived him of the capacity to govern his conduct in accordance with reason";
- misconstrued and misstated the information obtained from witnesses;
- conducted a biased investigation;
- failed to retain competent, qualified, and unbiased experts;
- refused to honor the contract and pay for plaintiff's additional living expenses;
- allowed the scene to be disturbed without giving plaintiff the opportunity to have her own experts participate in the investigation;
- failed to reasonably evaluate the various expert opinions;
- relied on experts whose opinions were patently flawed;
- accused its own deceased insured of arson without reasonable justification;

- insulted its insured with such an accusation against her deceased husband;

- damaged its insured's reputation with unfounded accusations;

- failed to obtain a legal opinion on the applicability of the intentional loss exclusion in light of Terry Daubenmeyer's longstanding mental problems;

- placed its interests before those of its insured;

23. The actions and omissions of Erie demonstrate malice, aggravated or egregious fraud, oppression, or insult and Erie, as principal or master of its agents and adjusters, authorized, participated in, and ratified the actions or omissions of its agents and adjusters in this regard.

24. As a direct and proximate cause of the Erie's lack of good faith, plaintiff has suffered emotional distress and anxiety, inconvenience, increased loss of use, economic harm, and has incurred litigation expenses and attorney's fees.

25. Plaintiff prays for judgment on this count in an amount in excess of $75,000 in compensatory damages and an amount in excess of $75,000 in punitive damages, the exact amount to be determined at trial, plus interest, costs, and attorney's fees as allowed by law.

### THIRD CAUSE OF ACTION
### (Declaratory Judgment)

26. Plaintiff incorporates by reference the above allegations.

27. Plaintiff has a written contract with Erie.

28. Erie has denied or constructively denied plaintiff's insurance.

29. Pursuant to R.C. §2721.03 and R.C. §2721.04, plaintiff is entitled to a declaratory judgment from this court construing the Policy and the terms, limitations, exclusions and conditions contained in the Policy. Specifically, plaintiff is entitled to a declaration as to whether, based on the policy language, this is a covered claim, whether Erie was allowed by the

5

contract language to refuse to pay plaintiff's additional living expenses during the time the claim was being investigated, whether Erie is entitled to take an assignment of the mortgage, and whether Erie is obligated to appraise the amount of the loss pursuant to the Policy's Appraisal condition.

30. Plaintiff requests this Court to resolve these disputes between the parties by issuing a declaration of rights to the extent permitted by Ohio law. The plaintiff further prays for any further relief the Court deems proper, including but not limited to, an award of attorney fees, interest, and costs, as well as judgment against the defendants as specified above.

**FOURTH CAUSE OF ACTION**
**(Reasonable Expectations)**

31. Plaintiff incorporates by reference the above allegations.

32. The Policy is a standardized agreement as that term is used in the *Restatement of the Law Second*, Contracts §211.

33. As such, plaintiff expected the Policy to contain standard term, conditions, and exclusions, and she assented to the Policy based on this understanding. Erie knew or should have known that the Policy contained standardized language and that plaintiff and other Erie insureds do not read, understand, and bargain for every term in an insurance policy.

34. The Policy's intentional acts exclusion is not a standard exclusion, and Erie knew or should have known that plaintiff would not have assented to the Policy had she been aware of the non-standard exclusion. Reasonable insureds would not expect their insurance claim to be invalidated by the acts of other insureds over whom they have no control.

35. Plaintiff asks the Court to enforce the Policy according to her reasonable expectations and preclude Erie from denying her claim based on the intentional acts of anyone other than herself—namely Terry Daubenmeyer.

## FIFTH CAUSE OF ACTION
### (Public Policy)

36. Plaintiff incorporates by reference the above allegations.

37. The Policy's intentional acts exclusion violates Ohio's public policy as it punishes an innocent insured like plaintiff for the acts of another with whom she did not conspire.

WHEREFORE, plaintiff prays for judgment against Erie as set forth above, plus interest, costs, and attorney fees as allowed by law, and such other relief as the Court, in the exercise of its equitable jurisdiction, deems proper.

Respectfully submitted,

/s/ Robert P. Rutter
Robert P. Rutter (0021907)
Justin Rudin (0087368)
RUTTER & RUSSIN, LLC
One Summit Office Park, Suite 650
4700 Rockside Road
Cleveland, Ohio 44131
(216) 642-1425
brutter@OhioInsuranceLawyer.com
jrudin@OhioInsuranceLawyer.com

## JURY DEMAND

Plaintiff hereby request, pursuant to Civil Rule 38(b), a trial by jury of the issues of the within lawsuit.

/s/ Robert P. Rutter
ROBERT P. RUTTER
Attorney for Plaintiff